**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 26- 2127** |
| **JORGE E RODRIGUEZ WILSON** | |
| **XXX – XX – 6680** | |

**MOTION REQUESTING CONTINUANCE OF THE AUTOMATIC STAY**

TO THE HONORABLE COURT:

NOW COMEs the Debtor in Possession **JORGE EFRAIN RODRIGUEZ WILSON** represented by the undersigned attorney and respectfully sets forth and prays:

1. On May, 8, 2026 the Debtor, **JORGE EFRAIN RODRIGUEZ WILSON** filed this Voluntary Petition pursuant to the provisions of 11 U.S.C Chapter 11.

2. The Debtor had a previous bankruptcy case under case In re. Jorge E Rodriguez Wilson, case 25-03155-MCF11. The same was dismissed as per Order Dismissing Case entered on January 8, 2026 (Docket No. 50 of case 25-03155-MCF11). This case was dismissed as per a voluntary dismissal request by the Debtor. In its motion requesting voluntary dismissal the Debtor informed that he would pay directly the creditors Department of Treasury of PR and IRS.

3. Debtor's case was not dismissed for violating or not complying with Orders of the Court. The case was also not dismissed because the Debtor did not comply with a Plan or failed to comply with his duties as a Debtor. The case was not dismissed while there was a

pending motion for relief from stay or while a motion to prohibit the use of cash collateral was pending.

4. After the dismissal of case 25-03155-MCF11, the Debtor actually paid and has no balance owed to the Puerto Rico Treasury Department.

5. Debtor's former attorney was Hector Pedrosa, Esq. who was Debtor's bankruptcy attorney. Said attorney was negotiating a payment plan with the IRS and the Debtor expected to reach a negotiation with its main creditor Planet Home Lending LLC/ Luna Residential II LLC. Regrettably Debtor's attorney passed away on April of 2026.

6. Debtor's main creditor and mortgage holder continued the foreclosure proceedings against Debtor's residence located at 1797 Calle Camelia, Urb. Santa María in San Juan Puerto Rico and it had a public auction scheduled for May 13, 2026. This event triggered the filing of the present case on May 8, 2026 to preserve Debtor's real property and Debtor's only home.

7. In the present case the Debtor understands he can reach a negotiation with its main creditor Planet Home Lending LLC/ Luna Residential II LLC., and the Debtor has an interested private party with whom the Debtor is negotiating to obtain a loan and pay said creditor. If this option wasn't available the Debtor understands he can reach a negotiation with the Creditor and make regular monthly payments for a period of time (in example 3 -5 years) and propose a balloon payment at the end of said term that the Debtor would obtain through a regular refinance.

### Applicable Law and Caselaw

8. The filing of a petition for bankruptcy stays collection actions against the Debtor, Debtor's property, and property of the bankruptcy estate. See, 11 U.S.C. § 362(a)

9. However, section 11 U.S.C. 362(c)(3)(A) states that when a Debtor files a case within the dismissal of a previous case within one (1) year of said dismissal, the Automatic Stay will expire or shall be terminated in 30 days:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section—
(1) …
(2) …
(3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13 [11 USCS §§ 701 et seq., 1101 et seq., or 1301 et seq.], and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) [11 USCS § 707(b)]—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

(i) as to all creditors, if—

(I) more than 1 previous case under any of chapters 7, 11, and 13 [11 USCS §§ 701 et seq., 1101 et seq., and 1301 et seq.] in which the individual was a debtor was pending within the preceding 1-year period;

(II) a previous case under any of chapters 7, 11, and 13 [11 USCS §§ 701 et seq., 1101 et seq., and 1301 et seq.] in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

(aa) file or amend the petition or other documents as required by this title [11 USCS §§ 101 et seq.] or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 [11 USCS §§ 701 et seq., 1101 et seq., or 1301 et seq.] or any other reason to conclude that the later case will be concluded—
>> (aa) if a case under chapter 7 [11 USCS §§ 701 et seq.], with a discharge; or
>> (bb) if a case under chapter 11 or 13 [11 USCS §§ 1101 et seq. or 1301 et seq.], with a confirmed plan that will be fully performed; and
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor; and

10. The term of 30 days for the termination of the automatic stay, included in 11 U.S.C. 362(c)(3)(A) can be extended by the filing of a timely motion before said term of 30 days elapses. "*Thus, § 362(c)(3)(B) "authorizes the bankruptcy court to extend the stay beyond the initial 30-day period if four requirements are met: (1) a party in interest files a motion requesting an extension of the automatic stay; (2) there is notice and a hearing on the motion; (3) the bankruptcy court completes the hearing before the expiration of the 30-day period set forth in § 362(c)(3)(A); and (4) the movant demonstrates the new case was filed in good faith as to the creditors being stayed.*" In re Flynn, 582 B.R. 25, 28-29 (B.A.P. 1st Cir. 2018)

11. The debtor must demonstrate that the filing of the later case is in good faith as to the creditors to be stayed. If the debtor fails to meet these procedural requirements, the stay automatically terminates after 30 days. In re Carrigan, 666 B.R. 840 (2025).

12. Court's in the First Circuit apply a "totality of the circumstances" test to evaluate good faith. The following factors are commonly considered: Timing of the Filing; Reasons for Dismissal of the Prior Case; Changes in Circumstances:; Likelihood of Success in the

Current Case; Debtor's Conduct in the Prior Case; Impact on Creditors; Objections by Creditors or Trustee. *Accordingly, the Court believes that the factors to be considered by the Court in applying the totality of the circumstances test to determine good faith under § 362(c)(3) include: (1) the timing of the filing of the later petition, (2) how the debts in the later case arose, (3) why the debtor's prior case was dismissed, including the debtor's conduct in that case, (4) how the debtor's actions affected creditors who are stayed, (5) the debtor's motive in filing the later petition and whether the Bankruptcy Code is being unfairly manipulated, (6) whether the debtor's circumstances have changed since the prior dismissal and the likelihood that the debtor will be able to properly fund a plan, and (7) whether the case trustee or creditors object to the motion to extend* In re Baldassaro, 2006 BNH 7 (2006).

Application of the Law to the Present Case

13. Debtor's 2025 case, 25-03155-MCF11, was dismissed 4 months ago. This is an undisputed fact. However it is also an undisputed fact that there was not pending motion for relief from stay or action against the Debtor in said case. A review of the docket in case 25-03155-MCF11 shows that the Debtor was complying with all Order and required filings, he had an appointed SubChapter V Trustee and when the Debtor requested voluntary dismissal neither the US Trustee, Sub Chapter V Trustee, nor any creditor requested a bar to refile or any remedy against the Debtor.

14. This present case the Debtor has significantly reduced the amount owed to priority Creditors by paying the Puerto Rico Treasury Department completely. This will help the Debtor in negotiations with Planet Home Lending LLC and any other creditor since any refinance or tax liens over the real property can be reduced or minimized.

15. Debtor's source of income continues to be that he is a doctor in medice and specifically an orthopedic surgeon. The Debtor expects his income to continue and be able to pay his creditors in a reorganized manner.

16. The Debtor respectfully requests that this Honorable Court grants the Continuation of the Automatic Stay under section §362(a) as to all creditors for the duration of this Chapter 11 proceeding, or until such time as the stay is terminated under section §362(c) (1) or (c) (2), or a motion for relief of stay is granted under §362(d).

**WHEREFORE,** The Debtor respectfully requests that this Honorable Court grants the Continuation of the Automatic Stay under section §362(a) as to all creditors for the duration of this Chapter 11 proceeding, or until such time as the stay is terminated under section §362(c) (1) or (c) (2), or a motion for relief of stay is granted under §362(d).

### NOTICE

**To parties in interest that: within fourteen (14) DAYS after service as evidence by the Certification, and an ADDITIONAL THREE (3) DAYS pursuant to Fed.R.Bank.P. 9006(f) if you were served by mail, any party against whom this Application has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to the Application with the Clerk's Office of the U. S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the Application will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

In Mayagüez, Puerto Rico this May 14, 2026

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on even date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **United**

**States Trustee** and I hereby certify that I have mailed by United States Postal Service the document to non CM/ECF participants.

The following will be served by certified mail with return receipt:

LUNA RESIDENTIA II LLC – 321 Research Parkway, Suite 303 Meriden, Ct 06450

ESTRELLA HOMES II LLC - 252 Ponce de Leon Ave, Citi Tower 20th Floor, San Juan PR 00918

MARIA S JIMENEZ MELENDEZ, ESQ. - P. O. Box 364908, San Juan PR 00936-4908

Rivera-Munich & Hernández Law Offices, PSC - P. O. Box 364908, San Juan PR 00936-4908

*/s/***HOMEL MERCADO JUSTINIANO**
**USDC- PR - 229705**
**Calle Ramírez Silva #8**
**Ensanche Martínez**
**Mayagüez, PR 00680-4714**
**TEL: (787) 831 – 2577/ 805-2945**
**FAX: (787) 805-7350**
**CEL: (787) 364-3188**
**Email: hmjlaw2@gmail.com**

Label Matrix for local noticing
0104-3
Case 26-02127-MCF11
District of Puerto Rico
Old San Juan
Thu May 14 18:25:56 AST 2026

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

Angel R Delgado Viera
PO BOX 8344
Bayamon, PR 00960-8344

B2B FUNDING
p/c B2B FACTURING INVESTMENT LLC
954 Av Ponce de Leon Ste 601
San Juan, PR 00907-3601

BANCO POPULAR DE PR
PO BOX 366818
San Juan, PR 00936-6818

CRIM
PO Box 195387
San Juan, PR 00919-5387

Carmen J Rivera Pagan
A30 Villa Bucare
Toa Baja, PR 00949

Estrella Homes II LLC
252 Ponce de Leon Ave
Citi Tower 20th Floor
San Juan, PR 00918-2001

Francisco Almeida Leon
880 Mu oz Rivera Ave
San Juan, PR 00927-4307

IRS
PO Box 7317
Philadelphia, PA 19101-7317

(p)LUMA ENERGY
REVENUE PROTECTION
PO BOX 364267
SAN JUAN PR 00936-4267

Luna Residential II LLC
321 Research Parkway, Suite 303 Meriden
Meriden, CT 06450-8342

(p)MCKENZIE CAPITAL LLC
3390 MARY STREET
STE 216
COCONUT GROVE FL 33133-5258

Maria S Jimenez Melendez, Esq.
P. O. Box 364908
San Juan, PR 00936-4908

Mercedes Financial
PO Box 685
Roanoke, TX 76262-0685

Municipality Of San Juan
PO Box 70179
San Juan, PR 00936-8179

Nohely Delgado Rivera
A 30 Villa Bucare
Toa Baja, PR 00949

Planet Home Lending, L.L.C. as servicer
321 Research Parkway, Suite 301
Meriden, CT 06450-8342

Rivera-Munich & Hern ndez Law Offices, P
P. O. Box 364908
San Juan, PR 00936-4908

SIMED
1492 Ponce de Leon Ave. Suite 501
San Juan, PR 00907-4024

Synchrony Bank
PO Box 960090
Orlando, FL 32896-0090

Toyota Credit De Puerto Rico
PO Box 366251
San Juan, PR 00936-6251

Wilyahel Delgado por madre Yetzely Lopez
PO BOX 2420
Arecibo, PR 00613-2420

Yalitza Enid Matta Cortes
PO BOX 456
Vega Baja, PR 00694-0456

HOMEL MERCADO JUSTINIANO
8 CALLE RAMIREZ SILVA
ENSANCHE  MARTINEZ
MAYAGUEZ, PR 00680

JORGE EFRAIN RODRIGUEZ WILSON
PMB 91 PO BOX 70344
SAN JUAN, PR 00936-8344

JOSE A DIAZ CRESPO
DAGE CONSULTING CPAs, PSC
PO BOX 367457
SAN JUAN, PR 00936-7457

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


LUMA                                    MCKENZIE  CAPITAL, LLC.
PO Box 364267                           3390 MARY ST. SUITE 216
San Juan, PR 00936                      Miami, FL 33133




The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)US TRUSTEE-REGION 21                 End of Label Matrix
                                        Mailable recipients    27
                                        Bypassed recipients     1
                                        Total                  28